IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY CAIRNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. |
| CHICKEN & RICE, INC. and | ) |
| VALLEY VIEW CENTRAL SHOPPING | ) |
| CENTER, L.P., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3. Plaintiff is disabled as defined by the ADA.

1

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, CHICKEN & RICE, INC. (hereinafter "CHICKEN & RICE, INC.") is a Texas company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, CHICKEN & RICE, INC., may be properly served with process via its registered agent for service, to wit: Ukrit Wongpanich, Registered Agent, 2920 W. Northwest Highway, Dallas, TX 75226.

9.      Defendant, VALLEY VIEW CENTRAL SHOPPING CENTER, L.P. (hereinafter "VALLEY VIEW CENTRAL SHOPPING CENTER, L.P."), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

10.     Defendant, VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., may be properly served with process via its registered agent for service, to wit:  2001 Agency Corporation, Registered Agent, 14160 Dallas Parkway, Suite 800, Dallas, TX  75254.

## FACTUAL ALLEGATIONS

11. On or about February 9, 2019, Plaintiff was a customer at "Chicken N Rice," a business located at 13260 Josey Lane, Carrollton, TX 75234, referenced herein as "Chicken N Rice"

12. Plaintiff lives only 12 miles from the Property. Plaintiff routinely travels in the area where the Property is located.

13. CHICKEN & RICE, INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

14. VALLEY VIEW CENTRAL SHOPPING CENTER, L.P. is the owner or co-owner of the real property and improvements that Chicken N Rice is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Plaintiff's access to the business(es) located at 13260 Josey Lane, Carrollton, TX 75234, Dallas County Property Appraiser's parcel number 24179510000020000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Chicken N Rice and the Property, including those set forth in this Complaint.

16. Plaintiff has visited Chicken N Rice and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Chicken N Rice and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Chicken N Rice and the Property are accessible again. The purpose of the

revisit is to be a regular customer, to determine if and when Chicken N Rice and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends on revisiting Chicken N Rice and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18. Plaintiff travelled to Chicken N Rice and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Chicken N Rice and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Chicken N Rice and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health

        services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.    Chicken N Rice is a public accommodation and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. Chicken N Rice must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed Chicken N Rice and the Property in his capacity as a customer of Chicken N Rice and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Chicken N Rice and the Property that preclude and/or limit his access to Chicken N Rice and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit Chicken N Rice and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Chicken N Rice and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Chicken N Rice and the Property that preclude and/or limit his access to Chicken N Rice and the Property

and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Chicken N Rice and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., are compelled to remove all physical barriers that exist at Chicken N Rice and the Property, including those specifically set forth herein, and make Chicken N Rice and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Chicken N Rice and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Chicken N Rice and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

 (i) The interior of Unit 118 has sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished

floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at Unit 118.

(ii) Unit 118 lacks at least 5% (five percent) of the dining surfaces provided for consumption of food or drink which complies with Section 902.3 requiring the maximum height of the dining surface to be maximum 34 (thirty-four) inches above the finished floor in violation of Section 226.1 of the 2010 ADAAG standards.

(iii) Unit 118 lacks at least 5% (five percent) of the dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with Section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards.

(iv) The access aisle to the accessible parking space near Unit 109 is not level due to the presence of a ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v) There is at least one access aisle near Unit 109 that has excessive vertical rise and is in violation of Section 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi)   There is an excessive vertical rise at the base of the accessible ramp near Unit 109 in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(vii)   There is at least one access aisle near Four Corners Cafe that has excessive vertical rise and is in violation of Section 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(viii)   The access aisle of the accessible parking space near Four Corners Cafe has a cross-slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ix)   There is an excessive vertical rise at the base of the accessible ramp near Four Corners Cafe in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(x)   Due to the policy of placing large concrete potted plants along the exterior accessible route in a manner that unnecessary blocks the access route (often adjacent to benches), there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(xi) Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the car extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 and 502.7 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(xii) Due to the policy of placing large objects in the exterior accessible route such as large concrete planters, large concrete trash cans and benches, when also coupled with the policy of not having parking stops to prevent vehicles from pulling forward and blocking adjacent accessible routes, the property lacks a single accessible route connecting the accessible elements and spaces on the same site in violation of section 206.2.2 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access all of the publicly accessible units of the property.

(xiii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**FOUR CORNERS CAFE RESTROOMS**

(i) The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(ii) Restrooms have a sink with inadequate knee and toe clearance, due to a bar under the sink, in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

**CHICKEN AND RICE RESTROOMS**

a. The Facility lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

b. The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

c. The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

d. The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

e. The restrooms in the Facility have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This made it difficult for Plaintiff to safely utilize the restroom facilities.

f. The restrooms in the Facility have grab bars adjacent to the commode which are not in compliance with Section 604.5.2 of the 2010 ADAAG standards as the rear

        bar is not properly extend from the centerline of the toilet. This made it difficult for Plaintiff to safely utilize the restroom facilities.

   g.   Due to a policy of keeping a wire basket under the sink, the restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

   h.   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

35.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Chicken N Rice and the Property.

36.   Plaintiff requires an inspection of Chicken N Rice and the Property in order to determine all of the discriminatory conditions present at Chicken N Rice and the Property in violation of the ADA.

37.   The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.   All of the violations alleged herein are readily achievable to modify to bring Chicken N Rice and the Property into compliance with the ADA.

39.   Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Chicken N Rice and the Property is readily achievable because

the nature and cost of the modifications are relatively low.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Chicken N Rice and the Property is readily achievable because Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., have the financial resources to make the necessary modifications.

41. Upon information and good faith belief, Chicken N Rice and the Property have been altered since 2010.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Chicken N Rice and the Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant

injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., to modify Chicken N Rice and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, CHICKEN & RICE, INC., in violation of the ADA and ADAAG;

(b) That the Court find Defendant, VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, CHICKEN & RICE, INC. and VALLEY VIEW CENTRAL SHOPPING CENTER, L.P., to (i) remove the physical barriers to access and (ii) alter the subject Chicken N Rice and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 24, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS